JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-2945-RGK (PJWx) | Date | May 14, 2015 |
|---|---|---|---|
| Title | *BEATRICE WARD, et al v. ALLSTATE INS. CO., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT

On April 21, 2015, Allstate Insurance Company ("Allstate") removed this action from the Los Angeles County Superior Court to the United States District Court, Central District of California on the basis of diversity.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. With regard to amount in controversy, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

Allstate asserts that the amount in controversy requirement is met because Plaintiff expressly alleges that damages exceed $50,000, and further claims punitive damages and attorneys fees. In support of its position, Allstate introduces the finding of another district court case that stated punitive damages

would likely be substantial because of Allstate's net worth. Also in support of its position, Allstate further states that attorneys fees will likely be recoverable by both plaintiffs in this case. The Court finds these facts insufficient to satisfy Allstate's burden of showing by a preponderance of the evidence that the amount in controversy requirement is met.

Allstate also argues that although Defendant James Cashman is a California citizen, he is fraudulently joined, and should not be considered for purposes of determining diversity jurisdiction. However, based on the face of the Complaint, it is not clear that Mr. Cashman was fraudulently joined. Nor has Allstate met its burden of establishing fraudulent joinder.

Based on the foregoing, the Court finds that Allstate has failed to satisfy its burden of showing diversity jurisdiction. Therefore, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer